FILED

2013 May-13  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DENNY ANTHONY WEST,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:12-cv-08024-AKK** |
| **THE UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Denny Anthony West ("Petitioner"), a federal prisoner, seeks to have his sentence vacated, set aside, or corrected  pursuant to 28 U.S.C. § 2255 for alleged denial of the assistance of counsel of his choice.  Doc. 1.  West previously filed a § 2255 motion seeking to vacate the same conviction in 1997.  2:97-cv-08007-SCP doc. 9.  Apparently, the court terminated the 1997 motion administratively and never addressed the merits of the motion.  For the reasons set forth more fully below, West's current and prior petitions are **DENIED**.

## I.    STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the

sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).  In order to obtain relief under § 2255, a petitioner must (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h); Rule 9, § 2255 Rules, (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Georgia*, 451 Fed.  App'x. 856 (11th Cir. 2012), (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f), (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994), and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746.

A hearing may be necessary to resolve claims raised in a petitioner's § 2255 motion.  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  However, "if the record

refutes the applicant's factual allegations or otherwise precludes habeas relief, a
district court is not required to hold an evidentiary hearing." *Id.* [1]

## II.   PROCEDURAL HISTORY

On January 7, 1992, Petitioner was indicted under 18 U.S.C. § 1512(b)(1)
for one count of witness tampering.  2:92-cr-00011, Indictment.  Prior to trial, the
government moved to disqualify Petitioner's attorney due to a conflict of interest
arising from the attorney's likelihood of testifying at the trial.  2:97-cv-08007-
SCP, doc. 10.  The court held a hearing on the matter and granted the motion,
causing Petitioner to retain a new attorney.  2:97-cv-08007-SCP, docs. 12-14.

On April 9, 1992, a jury convicted Petitioner of witness tampering.  2:92-
cv-08007-SCP, docs.  20, 24.  Subsequently, the Honorable Sam C. Pointer
sentenced Petitioner to 100 months of imprisonment and a $50.00 special
assessment fee, to be followed by 3 years of supervised release and participation in
an approved drug or substance abuse program.  2:97-cv-08007-SCP, Transcript of
Sentencing Before the Hon. Sam C. Pointer, Jr., at 4-5.  The court denied
Petitioner's motion for a new trial on May 20, 1992, and Petitioner timely filed a

---

[1] The court notes that the evidence submitted by Petitioner and the government in
response to Petitioner's 1997 petition is still contained in the record.  As discussed more fully in
the analysis section, the record "refutes [Petitioner's] factual allegations or otherwise precludes
habeas relief[.]"  *Schriro*, 550 U.S. at 474.  Accordingly, Petitioner's request for an evidentiary
hearing, contained within 2:12-cv-08024-AKK, doc.6, is **DENIED**.

Notice of Appeal to the Eleventh Circuit.  2:97-cv-08007-SCP, docs. 21, 22, 25.

The Eleventh Circuit affirmed Petitioner's conviction in May 1993 and denied

Petitioner's petition for rehearing in September 1993.  Eleventh Circuit Appeal

No. 92-6307; Eleventh Circuit Per Curiam Order, dated September 27, 1993.  In

January of the following year, the Supreme Court denied Petitioner's petition for

writ of certiorari.  United States Supreme Court Case No. 93-7058.

Following the Supreme Court's denial of his certiorari petition, Petitioner

filed a motion to vacate his sentence under 28 U.S.C. § 2255 on February 26,

1997. 2:97-cv-08007-SCP, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside,

or Correct Sentence by a Person in Federal Custody.  Petitioner amended his

motion on June 18, 1997, asserting primarily Due Process violations, lack of

subject matter jurisdiction, and ineffective assistance of counsel. 2:97-cv-08007-

SCP, doc. 9.  Although the government responded to this motion, 2:97-cv-08007-

SCP, doc.13, the court inadvertently closed Petitioner's civil case in February

2000, listing an effective date of February 26, 1997. 2:97-cv-08007-SCP, Docket

Modification (utility event) terminating case and motion to set aside judgement

("case should have been closed 2/97").  Twelve years later, on July 2, 2012,

Petitioner filed a second motion to vacate his sentence under § 2255 and a motion

for relief pursuant to Rule 60(b).  2:12-cv-08024-AKK, docs. 1-2.[2]

### III.   ANALYSIS

Since Petitioner has two pending § 2255 petitions, the court addresses each separately.

#### A.   July 2, 2012 Petition

A petitioner may not file a second or successive motion under § 2255 unless "certified as provided in section 2244 by a panel of the appropriate court of appeals" due to newly discovered evidence or a new, retroactively applicable constitutional law.  28 U.S.C. § 2255(h).  Although the court has not yet ruled upon Petitioner's first § 2255 petition, his July 2, 2012 petition is still considered successive under the rule.  Since Petitioner failed to seek certification by the appropriate court of appeals, his petition is **DENIED** as procedurally improper.

Alternatively, Petitioner's second petition is barred by the applicable statute of limitations.  The statute provides that, in this instance, Petitioner should have filed his § 2255 petition within one year of "the date on which the judgment of conviction bec[a]me[] final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[2] Petitioner also filed a motion for summary judgment based on the government's failure to respond to his § 2255 petition.  Doc. 3. However, the government subsequently responded and the court therefore finds this motion **MOOT**.

diligence." 28 U.S.C. § 2255(f)(1) and (4). Petitioner's conviction became final when the Supreme Court denied certiorari in 1994. Additionally, Petitioner became aware of the facts giving rise to his current claim, an alleged denial of the right to the counsel of his choice, when the court disqualified his attorney in 1992. Accordingly, Petitioner's 2012 petition is clearly outside the applicable limitations period and due to be denied.[3]

## B.   March 31, 1997 Amended Petition

Petitioner asserts five grounds in support of his 1997 § 2255 petition: (1) the court's "den[ial] of his 5th Amendment right to be tried solely on a charge[] found by the grand jury, as the charge found was defined by the legislature, and his 6th Amendment right to effective notice to be tried solely on a charge made by the grand jury, as the offense was defined by the legislature[;]" (2) the government's violation of his due process right "by deliberately withholding exculpatory and impeaching material that would have been favorable to his defense in refuting an

---

[3] Petitioner also filed a Fed. R. Civ. P. 60(b) Relief from a Judgment or Order Motion asking the court to review the trial court's decision to disqualify his original attorney – the same argument raised in Petitioner's successive § 2255 motion. *See* 2:12-cv-08024-AKK, doc. 2. Assuming this is the proper procedural mechanism to raise such an argument, the motion is untimely. Under Rule 60, Petitioner had to file the motion "within a reasonable time" or, for certain enumerated reasons, "no more than a year after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner filed this motion in November 2012, over 20 years after Petitioner became aware of the facts giving rise to his attorney's disqualification in 1992. Accordingly, Petitioner should have raised this argument at the time of disqualification and on direct appeal, and the court **DENIES** the motion as untimely.

essential element of the offense, as well as negating federal subject-matter jurisdiction[;]" (3) lack of subject-matter jurisdiction; (4) "a fundamental miscarriage of justice due to an intervening supreme court decision and fraud perpetrated by the government upon the court to manufacture federal subject matter jurisdiction[;]" and (5) ineffective assistance of counsel. 2:97-cv-08007-SCP, doc. 9. Unfortunately for Petitioner, his grounds for relief are procedurally barred since he could have raised them on direct appeal. *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004). Under the relevant law, Petitioner can avoid a procedural bar only by "show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Id.* (emphasis in original). Moreover, "a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotation marks and citation omitted). As shown below, neither option salvages Petitioner's claim.

### Ineffective Assistance of Counsel

Since Petitioner asserts that he failed to raise these issues on direct appeal due to ineffective assistance of counsel at both the trial and appellate levels, i.e., his fifth ground for relief, the court addresses the arguments raised in his § 2255

motion within the scope of his ineffective assistance of counsel claim.  Claims for

ineffective assistance of trial or appellate counsel are governed by the standards

set forth in *Strickland v. Washington*, 466 U.S. 668.  *Philmore v. McNeil*, 575

F.3d 1251, 1264 (11th Cir. 2009).  Accordingly, "a petitioner must show both that

counsel's performance was so deficient that it 'fell below an objective standard of

reasonableness,' and 'that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different[.]'"

*Dell v. U.S.*, 710 F.3d 1267, 1273 (11th Cir. 2013) (quoting *Strickland*, 466 U.S. at

688, 694).  The court must also "presume counsel was effective and conduct the

*Strickland* analysis in a 'highly deferential' manner, 'considering all the

circumstances . . . from counsel's perspective at the time[.]'"  *Id.* (quoting

*Strickland*, 466 U.S. at 689).  With this standard in mind, the court turns now to

Petitioner's specific contentions, with respect to each attorney.

    1.    <u>Petitioner's Trial Counsel</u>

Petitioner raises seven grounds for the alleged ineffectiveness of his trial

counsel: (1) failure to request that the government turn over exculpatory evidence

regarding an alteration to witness Juanita Everette's grand jury testimony,[4] (2)

failure to object to the government's representations that the charged offense could

---

[4] Everette is the witness the jury found that Petitioner intimidated.

be proved through evidence of a separate offense not charged in the indictment, (3) failure to properly and adequately advise Petitioner on the law and facts regarding Petitioner's right to a mistrial and waiver of Petitioner's right against self-incrimination, (4) failure to call Juanita Everette and Robert French, Petitioner's disqualified counsel, as witnesses, (5) failure to argue insufficient evidence and constructive amendment of the indictment during the Fed. R. Crim. P. 29 motion at the close of evidence, (6) failure to provide proper jury instructions or to object to the "court's inaccurate and deficient" instructions, and (7) failure to request proper jury instructions or an instruction on the lesser included offense of harassment.   2:97-cv-08007-SCP, doc. 9 at 10-14.  All of these contentions fail.

> a.   *Constructive Amendment and Jury Instructions*

Several of Petitioner's arguments rest on his allegation that the government constructively amended the indictment and that Judge Pointer used an erroneous jury instruction.  However, there is no evidence in the trial record to support Petitioner's allegation of constructive amendment.  *See* 2:92-cr-00011 docket; 2:97-cv-08007-SCP docket.  Additionally, Petitioner also failed to establish that Judge Pointer charged the jury incorrectly.  The indictment states that Petitioner

> did knowingly use intimidation, physical force, and threats toward

another person . . . with the intent to influence, delay or prevent the testimony of Juanita Everette in an official proceeding, that being the Federal Grand Jury of the Northern District of Alabama sitting in its official capacity and investigating the defendant and other individuals . . . in violation of Title 18, United States Code, Section 1512(b)(1).

2:97-cv-08007-SCP , Indictment.  The Eleventh Circuit Pattern Jury Instruction

applicable at that time states that

> Title 18, United States Code, Section 1512(b)(1), makes it a Federal crime or offense for anyone [to use intimidation] [to use physical force] [to threaten another person] with intent to [influence] [delay] [prevent] the testimony of a witness in any proceeding in the Court.
> The Defendant can be found guilty of that offense only if all of the following facts are provided beyond a reasonable doubt:

> First:     That the person described in the indictment was [a witness] [scheduled to be a witness] in this Court as alleged;

> Second:     That the Defendant used [intimidation] [physical force] [threats] against such person, as charged; and

> Third:     That the Defendant did so knowingly and willfully with the intent to [influence] [delay] [prevent] the testimony of the witness.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Offense Instructions

47.2 (1985).  Finally, Judge Pointer's jury instruction stated, in part,

> First, that there was a grand jury proceeding here in the Northern District of Alabama that was involved in an investigation of possible drug trafficking that did involve the possible involvement of the defendant . . . Second, the prosecution has to prove that about the date indicated . . . that [the defendant] knowingly used intimidation or

> physical force or threats directed towards [the witness] . . . [T]hird . . .
> that he did so with the intent to influence, delay or prevent the testimony
> of Juanita Everett before the Grand Jury."

2:97-cv-08007-SCP, doc. 13, Exhibit B at 220-221.  In other words, Judge

Pointer's instructions directly tracked the offense charged in the indictment and

the Eleventh Circuit Pattern Jury Instructions.  Therefore, Petitioner's contentions

regarding the charge Judge Pointer gave are unavailing.

    As to Petitioner's contentions regarding his counsel's failure to object or

request a proper instruction, as a threshold matter, the court notes that "[a] trial

judge is not obligated to give a requested instruction that has been adequately

covered by other instructions."  *U.S. v. Blakey*, 960 F.2d 996, 1001 (11th Cir.

1992).  Since any instruction trial counsel could have proposed regarding the

elements of an 18 U.S.C. § 1512(b)(1) offense would have been duplicative of the

instruction provided by Judge Pointer, counsel's failure to object to the instruction

or propose a different instruction resulted in no prejudice.  Likewise, Petitioner

failed to demonstrate prejudice stemming from trial counsel's failure to request the

inclusion of a jury instruction on the lesser included offense of harassment.  Even

assuming that trial counsel was deficient in failing to request an instruction on a

lesser included offense, "that deficiency does not suggest that there was a

reasonable probability that the outcome would have been different because the

11

jury had sufficient evidence to find [Petitioner] guilty of the greater offense[.]"

*Magnotti v. Sec. for Dept. of Corrections*, 222 F. App'x 934, 940 (11th Cir. 2007),

citing *Strickland*, 466 U.S. at 693-94.  In light of the evidence presented at trial

that Petitioner used intimidation, physical force, or threats, the jury had sufficient

evidence to find Petitioner guilty under § 1512(b)(1) and Petitioner suffered no

prejudice from the absence of an instruction on the lesser included offense of

harassment.  Since Petitioner failed to demonstrate prejudice, he failed to show

ineffective assistance of counsel and the court need not address whether trial

counsel was deficient.  *Strickland*, 466 U.S. at 697.

> b.  *Failure to Request Exculpatory Evidence*

Petitioner contends that his trial counsel was ineffective because he also

failed to request that the government turn over exculpatory evidence regarding

witness Juanita Everette that he contends would have defeated subject-matter

jurisdiction and negated the intent element of the charged offense. 2:97-cv-08007-

SCP, doc. 9 at 10.  This contention fails under both prongs of the *Strickland* test

because there is no evidence suggesting that such exculpatory evidence existed.

First, trial counsel could not have acted deficiently in failing to request evidence

that did not exist.  Second, Petitioner cannot demonstrate prejudice since the direct

evidence presented at trial established the opposite of what he contends this

12

exculpatory evidence would have shown.  2:97-cv-08007-SCP, doc. 13, Exhibit B
at 31 (testimony that the grand jury proceedings were ongoing and that Juanita
Everette was scheduled to testify again).  Accordingly, trial counsel's failure to
request this exculpatory evidence did not render his assistance ineffective.[5]

c. <em>Withdrawing the Mistrial Motion</em>

Petitioner contends next that his trial counsel failed to "properly and
adequately" advise him regarding his right to a mistrial and that exercising his
right to testify operated as a waiver of his right against self incrimination.  2:97-
cv-08007-SCP, doc. 9 at 11.  This contention stems from a prosecution witness
mentioning, on cross-examination, Petitioner's 16-year-old conviction. 2:97-cv-
08007-SCP, doc.13, Exhibit B at 102.  Petitioner's trial counsel made a motion for
a mistrial due to the likelihood of prejudice and Judge Pointer indicated that he

---

[5] Petitioner also asserts that the court should grant his § 2255 petition due to a
"fundamental miscarriage of justice" stemming from the government purportedly withholding
this exculpatory evidence, as well as an alleged change in the substantive law and use of perjured
testimony.  The court finds these arguments without merit.  Again, there is no evidence of this
alleged exculpatory evidence regarding Juanita Everette.  Additionally, there is no evidence that
the witness who testified to the opposite of what Petitioner contends this evidence would have
shown committed perjury.  Even if he had, use of perjured testimony is not a constitutional claim
and thus an inadequate basis for relief on a § 2255 collateral attack absent a showing that the
government "knowingly permitted the false testimony . . . and that the testimony is prejudicial."
<em>U.S. v. Caporale</em>, 806 F.2d 1487, 1519 n.29 (11th Cir. 1986).  Petitioner made no such showing.
 Lastly, the case Petitioner cites to support his fundamental miscarriage of justice claim,
<em>U.S. v. Aguilar</em>, 515 U.S. 593, 599-600 (1995), is inapposite here because the court explicitly
limited its application to charges raised under 18 U.S.C. § 1503.  Petitioner was, of course,
convicted under 18 U.S.C. § 1512.

13

was inclined to grant the motion. *Id*. at 107-114. However, Judge Pointer also stated that "one way of accommodating is to say I'm going to allow the 16-year-old conviction to come in. The defendant can go ahead and testify and in turn this particular matter becomes inconsequential." *Id*. at 112-113. Petitioner and trial counsel then took some time to discuss the matter and counsel eventually informed Judge Pointer that Petitioner wanted to withdraw the motion and testify. *Id*. at 114.

"For counsel to be effective in the context presented here, counsel must advise the defendant (1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify." *Reynolds v. U.S.*, 233 F. App'x 904, 905 (11th Cir. 2007) (quoting *McGriff v. Dept. of Corrections*, 338 F.3d 1231, 1237 (11th Cir. 2003). Petitioner asserts that his trial counsel failed under the second prong by failing to adequately explain "the law in relation to the facts" and that failure precluded him from "exercis[ing] his right to mistrial." 2:97-cv-08007-SCP, doc. 9 at 11-12. Although the private comments between Petitioner and trial counsel are not in the record, there is no indication that counsel failed to explain the potential adverse effects of choosing to testify and withdrawing the motion for a mistrial. Additionally, Petitioner cannot demonstrate prejudice because it is not

certain that Judge Pointer would have granted the motion and, even if he had, the mistrial would have resulted in a new trial – not an acquittal. In these circumstances, "[t]here is a strong presumption in favor of [counsel's] competence, and the petitioner's burden of persuasion . . . is a heavy one." *Reynolds*, 233 F. App'x at 905. Consequently, in light of the trial record's indication that counsel took the time to discuss this strategic decision with Petitioner prior to withdrawing the motion for a mistrial, the court finds that Petitioner has not satisfied his burden of persuasion necessary to establish ineffective assistance.

d.    *Calling Witnesses*

Petitioner contends next that trial counsel was ineffective because he failed to call two witnesses whose testimony purportedly would have negated an element of the charge. 2:97-cv-08007-SCP, doc. 9 at 18. This contention is again rooted in Petitioner's assertion that the government had not plans to re-call Juanita Everett to testify before the grand jury. *Id*. As previously stated, this assertion is insufficient to establish ineffective assistance in light of direct testimony to the contrary at trial. Moreover, determining which witnesses to call is a matter of trial strategy, and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound

trial strategy." *Chandler v. U.S.*, 218 F.3d 1305, 1314 (11th Cir. 2000). As such, to establish ineffective assistance, Petitioner must show "that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. Petitioner failed to make such a showing and the court thus finds that he failed to surmount the presumption that his counsel acted reasonably. Accordingly, trial counsel was not ineffective for failing to call these two witnesses.

       e.    *Motion for Judgment of Acquittal*

Lastly, Petitioner argues that trial counsel was ineffective because he failed to argue insufficient evidence and constructive amendment of the indictment in the Fed. R. Crim. P. 29 motion for judgment of acquittal. 2:97-cv-08007-SCP, doc. 9 at 12. As discussed in section 1(a), there is no evidence in the record to support Petitioner's contention that the government constructively amended the indictment during trial and, therefore, trial counsel could not have acted unreasonably in failing to raise this argument in the Rule 29 motion. *See Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991) (Counsel is not ineffective for not raising all available issues because "effective advocates winnow out weaker arguments even though the weaker arguments may be meritorious." (internal quotation marks and citation omitted)). Moreover, no prejudice could have resulted from this failure because Judge Pointer made clear in the jury instructions that the jury could

consider only the elements of the charged offense.  Most notably, in the Rule 29 motion following the close of evidence, trial counsel argued that the government had failed to establish a *prima facie* case under § 1512(b)(1). 2:97-cv-08007-SCP, doc. 13, Exhibit B at 177.  This argument is essentially the same as asserting that the government had insufficient evidence to support a conviction.  There is no indication that the trial court improperly denied the Rule 29 motion, and the court's denial does not alone render counsel's attempt ineffective.

In sum, Petitioner failed to satisfy the *Strickland* test for establishing that his trial counsel was ineffective.  By failing to do so, Petitioner fails to show cause for not raising the arguments asserted in his § 2255 petition at trial or on direct appeal.  Accordingly, Petitioner's arguments are procedurally barred and his § 2255 petition is due to be denied.

## 2.   Petitioner's Appellate Counsel

Petitioner also challenges the effectiveness of his appellate counsel, contending that counsel failed to argue and raise as plain error on appeal that (1) the government constructively amended the indictment at trial, (2) the court used a jury instruction that was deficient with respect to the applicable standard of proof, (3) the evidence was insufficient for a conviction under 18 U.S.C. § 1512(b)(1), and (4) the trial court failed to instruct on the lesser included offense of

harassment. 2:97-cv-08007-SCP, doc. 9 at 14-17.  Unfortunately for Petitioner, these arguments fail to establish that appellate counsel's assistance fell below an objective standard of reasonableness, as required by *Strickland* prong one.  As discussed above, the record does not support Petitioner's assertions regarding constructive amendment of the indictment and use of an erroneous jury instruction.  As such, a reasonable attorney would find no reason to raise those arguments on appeal.  Additionally, a reasonable attorney may make a tactical decision not to raise a weaker, albeit meritorious, argument for tactical reasons without being ineffective.  *See Heath*, 941 F.2d at 1130-31.  Accordingly, appellate counsel did not act unreasonably in failing to assert insufficient evidence on appeal.  Likewise, despite Petitioner's assertion to the contrary, he had no constitutional right to the lesser included offense of harassment simply because it "carried a dramatically lesser penalty of one year[,]" 2:97-cv-08007-SCP, doc. 9 at 17, and thus counsel was not unreasonable in failing to raise this argument on appeal.  *See Harris v. Crosby*, 151 F. App'x 736, 737 (11th Cir. 2005)("[I]n non-capital cases, like this one, the 'Due Process Clause does not require a [trial] court to instruct the jury on lesser included offenses.'" (citation omitted)).

Moreover, Petitioner failed to demonstrate prejudice stemming from counsel's alleged deficiencies.  Even if counsel had raised these arguments, to

18

prevail, he would have to show that "there was (1) error; (2) that it was plain; and (3) that it affected [the petitioner's] substantial rights." *Dell*, 710 F.3d at 1275, citing *U.S. v. Cotton*, 535 U.S. 625, 631 (2002). Counsel could not demonstrate error stemming from the jury instruction, which tracked the pattern instruction, or alleged constructively amended indictment, since there was no evidence of such, and thus there can be no prejudice from counsel's failure to assert plain error. Moreover, even assuming that counsel erred in failing to raise the argument of insufficient evidence on appeal, in light of the evidence presented at trial supporting a conviction under 18 U.S.C. § 1512(b)(1), there is no indication that this error was plain or affected Petitioner's substantial rights. Lastly, no prejudice resulted in the failure to assert the lesser included offense argument because this failure did not affect Petitioner's substantial rights since he had no constitutional right to such an instruction and "the jury had sufficient evidence to find [him] guilty of the greater offense[.]" *Magnotti*, 222 F. App'x at 940, citing *Strickland*, 466 U.S. at 693-94.

In sum, Petitioner also failed to satisfy the *Strickland* test for ineffective assistance with respect to his appellate counsel. Accordingly, Petitioner's arguments are procedurally barred and his § 2255 petition is due to be denied.

### III. CONCLUSION

The court finds that Petitioner's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, both § 2255 petitions, as well as the motion for summary judgment and Rule 60(b) motions, are **DENIED**.  The court **DIRECTS** the clerk to terminate all pending motions in cases 2:92-cr-0011-AKK-MHH-1 and 2:12-cv-08024-AKK.

**DONE** this 13th day of May, 2013.


_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

20